Polousy v. Medline Industries, LP, et al.

*Removal*

# Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MEDLINE INDUSTRIES, LP, an Illinois Limited Partnership; RANDSTAD NORTH AMERICA, INC., a Delaware Corporation and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JEYSON POLOUSY, individually and on behalf of all others similarly situated,

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
FILED

2023 MAR 27  PM 3: 00

BRANDON E. RILEY, CLERK
BY TRUDY L. ___
DEPUTY

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Joaquin Superior Court

STK-CV-UOE -2023- 2954

180 E Weber Ave., Ste 200
Stockton, CA 95202

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES HAWKINS APLC, 9880 Research Drive, Suite 200, Irvine CA 92618; (949) 387-7200

| DATE: MAR 2 7 2023 *(Fecha)* | Clerk, by *(Secretario)* TRUDY L. HALEY | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   MEDLINE INDUSTRIES, LP, an Illinois Limited Partnership

under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FIRST LEGAL
200 WEBSTER ST
OAKLAND, CA

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JAMES HAWKINS APLC. James R. Hawkins (#192925); Gregory Mauro (# 222239); Michael Calvo (# 314986); Lauren Falk (#316893); Ava Issary (#342252) 9880 Research Drive, Suite 200, Irvine, CA 92618  TELEPHONE NO.: 949-387-7200   FAX NO. *(Optional)*:  E-MAIL ADDRESS:  ATTORNEY FOR *(Name):* Jeyson Polousy | FILED  2023 MAR 27  PM 3: 00  BRANDON E. RILEY, CLERK  BY JERY L. HALEY  DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN JOAQUIN
STREET ADDRESS: 180 E. Weber Ave, Suite 200
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton 95202
BRANCH NAME:

CASE NAME:
Jeyson Polousy vs. Medline Industries, LP., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:  STK-CV-UOE-2023- 2954 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter | [ ] Joinder | JUDGE: |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

**2.** This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
- a. [ ] Large number of separately represented parties
- b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
- c. [X] Substantial amount of documentary evidence
- d. [X] Large number of witnesses
- e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
- f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
**4.** Number of causes of action *(specify):*  8
**5.** This case [X] is [ ] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 3/27/2023
Gregory Mauro, Esq.
_____
(TYPE OR PRINT NAME)                                          ▶ _____
                                                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

1
2
3
4
5
6
7
8
9
10

JAMES HAWKINS APLC
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
Lauren Falk, Esq. (#316893)
Ava Issary, Esq. (#342252)
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com
Email: Lauren@jameshawkinsaplc.com
Email: Ava@jameshawkinsaplc.com

Attorneys for Plaintiff JEYSON POLOUSY,
Individually and on behalf of all others similarly situated.

FILED

2023 MAR 27   PM 3:00

BRANDON E. RILEY, CLERK

BY TRUDY L. HALEY
    DEPUTY

11
12

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF SAN JOAQUIN**

STK-CV-UOE-2023-2954

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JEYSON POLOUSY, individually and on
behalf of all others similarly situated,

Plaintiff,

v.

MEDLINE INDUSTRIES, LP, an Illinois
Limited Partnership; RANDSTAD NORTH
AMERICA, INC., a Delaware Corporation
and DOES 1-50, inclusive,

Defendants.

CASE NO.

**CLASS ACTION COMPLAINT**
**PURSUANT TO CALIFORNIA CODE OF**
**CIVIL PROCEDURE §382:**
1.    **Failure to Pay Wages Including**
      **Overtime as Required by Labor**
      **Code §§ 510 and 1194**
2.    **Failure to Provide Meal Periods**
      **as Required by Labor Code §§**
      **226.7, 512 and IWC Wage**
      **Orders**
3.    **Failure to Provide Rest Periods**
      **as Required by Labor Code §§**
      **226.7, 512**
4.    **Failure to Pay Timely Wages**
      **Required by Labor Code § 203**
5.    **Failure to Timely Pay Wages**
      **During Employment Required by**
      **Labor Code § 204**
6.    **Failure to Provide Accurate**
      **Itemized Wage Statements as**
      **Required by Labor Code § 226**
7.    **Failure to Indemnify Necessary**
      **Business Expenses as Required**
      **by Labor Code § 2802**
8.    **Violation of Business &**
      **Professions Code § 17200, et seq.**

**DEMAND FOR JURY TRIAL**

BY FAX
FIRST LEGAL
800 WEBSTER STREET 201
OAKLAND, CA 94607

CLASS ACTION COMPLAINT

1    Plaintiff JEYSON POLOUSY ("Plaintiff "), individually and on behalf of all others
2  similarly situated (hereinafter collectively referred to as the "Class" or "Class Member"), hereby
3  files this Complaint against Defendants MEDLINE INDUSTRIES, LP, an Illinois Limited
4  Partnership and RANDSTAD NORTH AMERICA, INC, a Delaware Corporation and DOES 1-
5  50, inclusive (collectively "Defendants") and alleges on information and belief as follows:

6                                      **I.   INTRODUCTION**

7    1.    This is a Class Action, pursuant to California Code of Civil Procedure section 382,
8  on behalf of Plaintiff and any and all persons who are or were employed by Defendants, either
9  directly or indirectly, at distribution or warehouse facilities in the State of California at any time
10  from four years prior to the filing of this Complaint through resolution or trial of the matter.
11  ("Class Members" or "Non-Exempt Employees".)

12    2.    Further, Plaintiff bring this Class Action, pursuant to Code of Civil Procedure 382,
13  and asserts claims against Defendants on behalf of herself and all prospective employees and/or
14  employees employed by, or formerly employed by Defendants who, as a condition of
15  employment, executed Defendants' standard background check disclosure form and submitted to a
16  background check.

17    3.    During the liability period, as defined in the applicable statute of limitations for
18  each and every cause of action herein, Defendants consistently maintained and enforced against
19  Defendants' Non-Exempt Employees unlawful practices and policies in violation of California
20  state wage and hour laws as detailed more extensively herein.

21    4.    The California Labor Code and IWC Wage Orders require employers to provide to
22  their employees, among other things, lawful meal and rest periods, properly calculated meal, and
23  rest period premiums when meal or rest periods are not lawfully provided, and accurate, lawful
24  itemized wage statements.

25    5.    Defendants implemented uniform policies and practices that deprived Plaintiff and
26  Class Members of earned wages, including minimum wages and unlawful deductions from wages;
27  straight time wages; overtime wages; premium wages; lawful meal and/or rest breaks; and timely
28  payment of wages.

6.    Such actions and policies, as described above and further herein, were and continue

- 1 -
CLASS ACTION COMPLAINT

to be in violation of the California Labor Code.  Plaintiff , on behalf of themselves and all Class Members, bring this action pursuant to the California Labor Code, including sections 201-204, 218.5, 218.6, 221-224, 226, 226.3, 226(b), 226.7, 245-249, 432, 510, 512, 516, 558, 1174, 1194, 1194.2, 1195, 1197, 1198, 1198.5, 2802, applicable IWC California Wage Orders and California Code of Regulations, Title 8, section 11000 *et seq.*, seeking unpaid wages, unpaid meal and rest period compensation, penalties, liquidated damages, and reasonable attorneys' fees and costs.

7.      Plaintiff, on behalf of themselves and others similarly situated, pursuant to Business and Professions Code sections 17200-17208, also seek restitution from Defendants for their failure to pay to Plaintiff and Class Members all of their wages, including overtime and premium wages.

## II.  JURISDICTION AND VENUE

8.      This class action is brought pursuant to California Code of Civil Procedure §382. The monetary damages and restitution sought by Plaintiff exceed the minimum jurisdiction limits of the California Superior Court and will be established according to proof at trial.

9.      This Court has jurisdiction over this action pursuant to the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts. The statutes under which this action is brought do not give jurisdiction to any other court.

10.     This Court has jurisdiction over Defendants because, upon information and belief, each Defendant either has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California Courts consistent with traditional notions of fair play and substantial justice.

11.     The California Superior Court also has jurisdiction in this matter because the individual claims of the members of the Classes herein are under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claim, including attorneys' fees, is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005. Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, CCP, California Civil Code ("CC")

CLASS ACTION COMPLAINT

1   and B&PC.

2        12.    Venue is proper in this Court because upon information and belief, one or more of

3   the Defendants, reside, transact business, or have offices in this County and/or the acts or

4   omissions alleged herein took place in this County.

5                                    **II. PARTIES**

6        13.    Plaintiff, JEYSON POLOUSY, was at all times relevant to this action, a resident of

7   California.   Plaintiff was employed by Defendant Randstad in October 2019 and became

8   employed directly through Defendant Medline Industries LP April or May of 2020 as a Non-

9   Exempt Employee with the title of warehouse operator and worked during the liability period for

10  Defendants, at Defendant Medline Industries LP until Plaintiff's separation from Defendants'

11  employ in approximately March 27, 2022.   Plaintiff's duties included but were not limited to

12  unloading trucks.

13       14.    Defendant MEDLINE INDUSTRIES, LP., an Illinois Limited Partnership that

14  operates as a medical supply company. Defendant operates internationally. Plaintiff estimates

15  there are in excess of one hundred (100) Non-Exempt Employees who work or have worked for

16  Defendants over the last four years.

17       15.    Defendant, RANDSTAD NORTH AMERICA, INC., is a Delaware Corporation

18  that operates as a Human Resource services provider. Defendant operates internationally. Plaintiff

19  estimates there are in excess of one hundred (100) Non-Exempt Employees who work or have

20  worked for Defendants over the last four years.

21       16.    Other than identified herein, Plaintiff is unaware of the true names, capacities,

22  relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as

23  DOES 1 through 50, but are informed and believe and thereon allege that said defendants are

24  legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by

25  such fictitious names. Plaintiff will amend this complaint when their true names and capacities are

26  ascertained.

27       17.    Plaintiff is informed and believes and thereon alleges that each defendant, directly

28  or indirectly, or through agents or other persons, employed Plaintiff and other members of the

Class, and exercised control over their wages, hours, and working conditions. Plaintiff is informed

and believe and thereon allege that each Defendant acted in all respects pertinent to this action as

the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects

pertinent hereto, and the acts of each Defendant are legally attributable to the other defendants.

### III. CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action individually and on behalf of all others similarly

situated as a class action pursuant to Code of Civil Procedure § 382. The members of the Class are

defined as follows:

> All persons who have been employed by Defendants as Non-Exempt Employees or
> equivalent positions, however titled, in the state of California within four (4) years from
> the filing of the Complaint in this action until its resolution. (collectively referred to as the
> "Class" or "Plaintiff's Class" or "Class Members").

19.     Plaintiff also seeks to represent the subclass(es) composed of and defined as

follows:

> **Sub-Class 1:** All Class Members who were not provided paid overtime and minimum
> wages by Defendants (hereinafter collectively referred to as the "Overtime Subclass").

> **Sub-Class 2:** All Class Members who are or were employed by Defendants who worked in
> excess of six or ten hours in a work-day but were not provided with a timely,
> uninterrupted, duty-free thirty-minute meal period (hereinafter collectively referred to as
> the "Meal Period Subclass").

> **Sub-Class 3:** All Class Members who are or were employed by Defendants who worked in
> excess of three and a half (3.5) or ten hours in a work-day but were not authorized and
> permitted a rest period (hereinafter collectively referred to as the "Rest Period Subclass").

> **Sub-Class 4:** All Class Members who are or were employed by Defendants at any time
> between March 2022 and the present and who received wage statements from Defendant
> (hereinafter collectively referred to as the "Wage Statement Subclass").

> **Sub-Class 5:** All Class Members who have been employed by Defendants at any time
> between March 2020 and the present and have separated their employment (hereinafter
> collectively referred to as the "Waiting Time Penalty Subclass")

> **Sub-Class 6:** All Class Members who did not receive reimbursement for necessary
> business expenses from Defendants. (hereinafter collectively referred to as the "Business
> Reimbursement Subclass").

- 4 -
CLASS ACTION COMPLAINT

**Sub-Class 7:** All Class Members who are or were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice Subclass").

20.     Plaintiff reserves the right under California Rule of Court 3.765(b) and other applicable laws to amend or modify the class definition with respect to issues or in any other ways. Plaintiff is a member of the Class as well as each of the Sub-Classes.

21.     The term "Class" includes Plaintiff and all members of the Class and each of the Sub-Classes, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

22.     There is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep.

23.     <u>Numerosity.</u> The members of the Class are so numerous that individual joinder of all of them as Plaintiff is impracticable. While the exact number of the Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are at least 100 (one hundred) Class members.

24.     <u>Commonality.</u> Common questions of law and fact exist as to all Class members and predominate over any questions that affect only individual members of the Class. These common questions include, but are not limited to:

     i.    Whether Defendants failed to pay minimum wage compensation to Plaintiff and Class Members for all hours worked;

     ii.    Whether Defendants failed to accurately pay overtime to Plaintiff and Class Members;

     iii.    Whether Defendants failed to reimburse necessary business expenses pursuant to Labor Code § 2802;

     iv.    Whether Defendants violated Labor Code §§ 226.7, 512, and applicable IWC Wage Orders, by failing to authorize and permit daily rest periods to Plaintiff and Class Members for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

v.      Whether Plaintiff and the Class Members were denied legally acceptable warehouse conditions by failing to provide heat breaks ("recovery periods"), as prescribed by SB 1167 and 435 and the Occupational Safety and Health Administration (hereinafter "OSHA");

vi.     Whether Defendants violated Labor Code §§ 226.7, 512 and applicable IWC Wage Orders, by failing to provide a meal period to Plaintiff and Class Members on days they worked work periods in excess of five and ten hours and failing to compensate said employees one hour wages in lieu of meal periods;

vii.    Whether Defendants failed to maintain accurate time record including recording Plaintiff and Class Members' meal periods pursuant to Labor Code § 1174.5 and the applicable IWC Wage Orders;

viii.   Whether Defendants provided accurate itemized wage statements pursuant to Labor Code section 226;

ix.     Whether Plaintiff and Class Members were not paid timely upon separation from their employ with Defendants, pursuant to Labor Code section 203;

x.      Whether Plaintiff and the Class Members are entitled to retroactive pay for unpaid wages;

xi.     Whether Plaintiff and Class Members were not paid timely during employment, pursuant to Labor Code section 204;

xii.    Whether Defendants violated Business and Professions Code and Labor Code §§ 201-204, 226, 510, 512, 558, 226, 226(b), 226.3, 226.7, 432, 1174, 1174.5, 1175, 1194, 1197, 1197.1, 1198, 1198.5, 1785, 1786, 2802, and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy;

xiii.   Whether Plaintiff and the Members of the Plaintiff Class are entitled to equitable relief pursuant to Business and Professions Code §§ 17200, *et. seq.;*

xiv.    Whether Plaintiff and the Members of the Plaintiff Class are entitled to relief in the form of back wages, penalties and interest for failure to pay minimum wages pursuant to Labor Code §§ 558, 1194 and 1197.

25.   _Typicality_. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions. Plaintiff and all members of the Class and or Subclass sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

26.   _Adequacy_. Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclass with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass. Plaintiff's attorneys and the proposed Counsel for the Class and Subclass are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters. Other former and current employees of Defendants may also serve as representatives of the Class and Subclass if needed.

27.   _Superiority_. A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The damages suffered by each Class member are relatively small in the sense pertinent to class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

28.   _Public Policy Considerations_: Employers in the state of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because

they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear or retaliation or damage.

## IV. <u>FACTUAL ALLEGATIONS</u>

29.     At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of non-exempt positions, however titled, throughout the state of California.

30.     Plaintiff is informed and believes Class Members have at all times pertinent hereto been Non-Exempt within the meaning of the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.

31.     Defendants continue to employ Non-Exempt Employees, however titled, in California and implement a uniform set of policies and practices to all non-exempt employees, as they were all engaged in the job duties related to Defendants' medical supply business.

32.     Plaintiff is informed and believe, and thereon allege, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

33.     Plaintiff is informed and believe that during the relevant time-frame, all Class Members are citizens of the state of California.

34.     During the relevant time-frame, Defendants compensated Plaintiff and Class Members based upon an hourly rate.

35.     On information and belief, Defendants' management engaged in time shaving by Defendants' requirement that Plaintiff and Class Members' enter and write their times rounded.

36.     Plaintiff and Class Members worked off-the-clock for hours beyond their regular shift without receiving overtime pay. Despite being aware of Plaintiff's work, Defendant failed to properly compensate Plaintiff for all hours worked, including overtime. The off-the-clock activities included activities required to be completed before Plaintiff and Class Members clocked in for work, personal cell phone use, and undergoing COVID screenings consisting of temperature screenings.

37.     Indeed, during the relevant time, as a consequence of Defendants' staffing and

scheduling practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and the Class Members timely, legally compliant uninterrupted 30-minute meal periods on shifts over five hours as required by law.

38.     On information and belief, Plaintiff and Class Members did not waive their rights to meal periods under the law.

39.     Plaintiff and the Class Members were not provided with valid lawful on-duty meal periods.

40.     Despite the above-mentioned meal period violations, Defendants failed to compensate Plaintiff , and on information and belief, failed to compensate Class Members, one additional hour of pay at their regular rate as required by California law when meal periods were not timely or lawfully provided in a compliant manner.

41.     Plaintiff is informed and believe, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive premium wages based on their regular rate of pay under Labor Code §226.7 but were not receiving such compensation.

42.     In addition, during the relevant time frame, Plaintiff and the Non-Exempt Employees were systematically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof, including third rest breaks which is a violation of the Labor Code and IWC wage order.

43.     Plaintiff and Class Members were unlawfully prohibited from leaving the premises during their rest periods.

44.     During the liability period, Plaintiff and Class Members were not provided legally acceptable warehouse conditions. Plaintiff and Class Members worked without air conditioning or proper ventilation in a warehouse that would reach temperatures of over 100 degrees Fahrenheit. Despite these high temperatures, Defendants failed to provide heat breaks to Plaintiff and Class Members in order to prevent heat exhaustion or heat illness, in violation of OSHA standards and SB 1167 and 435.

45.     Defendants maintained and enforced scheduling practices, policies, and imposed

work demands that frequently required Plaintiff and Class Members to forego their lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof. Such requisite rest periods were not timely authorized and permitted as a result of Defendants' failure to provide relief for Plaintiff and Class Members to take their lawfully required breaks.

46.     Despite the above-mentioned rest period violations, Defendants did not compensate Plaintiff , and on information and belief, did not pay Class Members one additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC wage order, for each day on which lawful rest periods were not authorized and permitted.

47.     California Labor Code section 14 requires employers to provide suitable seating for employees "when the nature of their work reasonably permits the use of seats." California Labor Code section 1198.5 requires employers to provide employees with a copy of their personnel records upon request, which may include information about seating accommodations. Additionally, the Industrial Welfare Commission Wage Orders, which establish minimum wage, overtime, and working condition standards for various industries in California, also include provisions related to suitable seating. Nevertheless, Defendants failed to provide any kind of seating. Seating would not prevent or interfere Plaintiff and Class Members from performing their job duties.

48.     Defendants failed to reimburse Plaintiff and Class Members for uniform maintenance.

49.     Defendants failed to reimburse Plaintiff and Class Members for personal cell phone use. This cell phone use was for work related purposes.

50.     Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Class Members in part because of the above-specified violations. In addition, upon information and belief, Defendants omitted an accurate itemization of total hours worked, including premiums due and owing for meal and rest period violations, overtime pay, gross pay and net pay figures from Plaintiff and the Class Members' wage statements.

51.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that at the time of termination of employment (or within 72 hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiff and Class Members for all wages owed including minimum wages, meal and rest period premiums, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified violations.

52.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment. Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

53.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

54.     Plaintiff requested their personnel records from Defendant Medline Industries LP on April 21, 2022 pursuant to California Labor Code section 1198.5. Defendants failed to provide those personnel records even after multiple requests. Defendant's failure to timely provide the requested records constitutes an unlawful and unfair business practice under California Business and Professions Code section 17200.

55.     Upon information and belief, Defendants knew and or should have known that it is improper to implement policies and commit unlawful acts such as:

(a)     requiring employees to work four (4) hours or a major fraction thereof without being provided a minimum ten (10) minute rest period and without compensating the employees with one (1) hour of pay at the employees' regular rate of compensation for each workday that a rest period was not provided;

(b)     requiring employees to work in excess of five (5) hours or ten (10) hours per day without being provided an uninterrupted thirty-minute meal period and/or a second meal period,

1    and without compensating employees with one (1) hour of pay at the regular rate of compensation

2    for each workday that such a meal period was not provided;

3        (c)    failing to pay overtime and minimum wages;

4        (d)    failing to provide accurate itemized wage statements;

5        (e)    failing to timely pay Plaintiff and Class Members upon separation from

6    Defendants' employment;

7        (f)    failure to timely pay Plaintiff and Class Members during their employment;

8        (g)    failure to reimburse necessary business expenses;

9        (h)    failure to produce employment documents;

10       (i)    failure to provide suitable seating;

11       (j)    failure to provide suitable warehouse conditions; and

12       (k)    conducting and engaging in unfair business practices.

13       56.    In addition to the violations above, and on information and belief, Defendants knew

14   they had a duty to compensate Plaintiff and Class Members for the allegations asserted herein, and

15   that Defendants had the financial ability to pay such compensation, but willfully, knowingly,

16   recklessly, and/or intentionally failed to do so.

17       57.    Plaintiff and Class Members they seek to represent are covered by, and Defendants

18   are required to comply with, applicable California Labor Codes, Industrial Welfare Commission

19   Occupational Wage Orders (hereinafter "IWC Wage Orders") and corresponding applicable

20   provisions of California Code of Regulations, Title 8, section 11000 *et seq.*

21                            **FIRST CAUSE OF ACTION**

22                **FAILURE TO PAY WAGES INCLUDING OVERTIME**

23                             **(Against All Defendants)**

24       58.    Plaintiff incorporates and re-alleges each and every allegation contained above as

25   though fully set forth herein.

26       59.    At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class

27   require employers to pay its employees for each hour worked at least minimum wage. "Hours

28   worked" means the time during which an employee is subject to the control of an employer, and

1  includes all the time the employee is suffered or permitted to work, whether or not required to do

2  so, and in the case of an employee who is required to reside on the employment premises, that

3  time spent carrying out assigned duties shall be counted as hours worked.

4       60.    At all relevant times, Labor Code §1197 provides that the minimum wage for

5  employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a

6  lesser wage than the established minimum is unlawful. Further, pursuant to the IWC Wage Order

7  and Labor Code, Plaintiff and Class Members are to be paid minimum wage for each hour

8  worked, and cannot be averaged At all times relevant, the IWC wage orders applicable to Plaintiff

9  and Class Members' employment by Defendants provided that employees working for more than

10  eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation

11  at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight

12  (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve

13  (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

14       61.    At all relevant times, Labor Code §1197.1 states "[a]ny employer or other persons

15  acting individually as an officer, agent, or employee of another person, who pays or causes to be

16  paid to any employee a wage less than the minimum fixed by an applicable state or local law, or

17  by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated

18  damages payable to the employee, and any applicable penalties pursuant to Section 203.

19       62.    Labor Code §510 codifies the right to overtime compensation at the rate of one and

20  one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or

21  forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for

22  hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the

23  seventh day of work in a particular work week.

24       63.    At all times relevant, Plaintiff and Class Members regularly performed non-exempt

25  work and thus were subject to the overtime requirements of the IWC Wage Orders, CCR § 11000,

26  et. seq. and the Labor Code.

27       64.    At all times relevant, Plaintiff and Class Members consistently worked in excess of

28  eight (8) hours in a day and/or forty (40) hours in a week and Defendant's failed to accurately

1  calculate overtime pay to Plaintiff and Class Members.

2      65.    At all times relevant, Plaintiff and Class Members consistently worked off-the-

3  clock, for training and orientation, and for unlawfully deducted 30-minute meal periods that were

4  not provided, resulting in an inaccurate payment of minimum and overtime wages to Plaintiff and

5  Class Members.

6      66.    Defendants further failed to incorporate bonuses, shift differentials, and other

7  remunerations into the employees' regular rates of pay for purposes of calculating overtime.

8      67.    At all times relevant, Defendants have failed to accurately pay minimum and

9  overtime owed to Plaintiff and Class Members.

10      68.    Accordingly, Defendants owe Plaintiff and Class Members minimum and overtime

11  wages, and have failed to pay Plaintiff and Class Members their wages owed.

12      69.    Pursuant to Labor Code §§ 510, 558 and 1194, Plaintiff and Class Members are

13  entitled to recover their unpaid wages and overtime compensation, as well as interest, costs, and

14  attorneys' fees.

15  **SECOND CAUSE OF ACTION**

16  **FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**

17  **(Against All Defendants)**

18      70.    Plaintiff incorporates and re-alleges each and every allegation contained above as

19  though fully set forth herein.

20      71.    Pursuant to Labor Code §512, no employer shall employ an employee for a work

21  period of more than five (5) hours without providing a meal break of not less than thirty (30)

22  minutes in which the employee is relieved of all of his or her duties. An employer may not employ

23  an employee for a work period of more than ten (10) hours per day without providing the

24  employee with a second meal period of not less than thirty (30) minutes, except that if the total

25  hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual

26  consent of the employer and the employee only if the first meal period was not waived.

27      72.    Pursuant to the IWC wage orders applicable to Plaintiff and Class Members'

28  employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of

the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period. On information and belief, Plaintiff and Class Members did not consent in writing to an "on duty" meal period. Further, the nature of the work of Plaintiff and Class Members was not such that they were prevented from being relieved of all duties. Despite the requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §512 and §226.7, Defendants did not provide Plaintiff and Class Members with all their statutorily authorized meal periods.

73.    For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, timely and uninterrupted meal periods of not less than thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants. As a proximate result of the aforementioned violations, Plaintiff and the other Class Members have been damaged in an amount according to proof at time of trial.

74.    By their failure to provide a compliant meal period for each shift worked over five (5) hours and their failure to provide a compliant second meal period for any shift worked over ten (10) hours per day by Plaintiff and the Class Members, and by failing to provide compensation in lieu of such non-provided meal periods, as alleged above, Defendants violated the provisions of Labor Code §§226.7 and 512 and applicable IWC Wage Orders.

75.    Plaintiff and the Class Members she seeks to represent did not voluntarily or willfully waive meal periods and were regularly required to work shifts without being provided all of their legally required meal periods. Defendants created a working environment in which Plaintiff and Class Members were not provided all of their meal periods due to shift scheduling and/or work related demands placed upon them by Defendants as discussed above. On information and belief, Defendants' implemented a policy and practice which resulted in systematic and class-wide violations of the Labor Code. On information and belief, Defendants' violations have been widespread throughout the liability period and will be evidenced by Defendants' time records for the Class Members.

76.    As a result of the unlawful acts of Defendants described herein, Plaintiff and the

1 Class Members they seek to represent have been deprived of premium wages in amounts to be
2 determined at trial. Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to
3 recover one (1) hour of premium pay for each day in which a meal period was not provided, along
4 with interest and penalties thereon, attorneys' fees, and costs.

5 **THIRD CAUSE OF ACTION**

6 **FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF**

7 **(Against All Defendants)**

8 77.     Plaintiff incorporates and re-alleges each and every allegation contained above as
9 though fully set forth herein.

10 78.     Pursuant to the IWC wage orders applicable to Plaintiff and Class Members'
11 employment by Defendants, "Every employer shall authorize and permit all employees to take rest
12 periods, which insofar as practicable shall be in the middle of each work period.... [The]
13 authorized rest period time shall be based on the total hours worked daily at the rate of ten (10)
14 minutes net rest time per four (4) hours worked or major fraction thereof.... Authorized rest period
15 time shall be counted as hours worked, for which there shall be no deduction from wages." Labor
16 Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period
17 mandated by an applicable order of the IWC.

18 79.     Defendants were required to authorize and permit employees such as Plaintiff and
19 Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes
20 net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages.
21 Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members'
22 employment by Defendants, Defendants failed and refused to authorize and permit Plaintiff and
23 Class Members, to take ten (10) minute rest periods for every four (4) hours worked, or major
24 fraction thereof.

25 80.     On information and belief, Defendants created a working environment in which
26 Plaintiff and Class Members were not provided all of their rest periods due to shift scheduling
27 and/or work-related demands placed upon them by Defendants to meet the needs of Defendants'
28 business as discussed above. On information and belief, Defendants implemented a policy and

1  practice which resulted in systematic and class-wide violations of the Labor Code. On information

2  and belief, Defendants' violations have been widespread throughout the liability period.

3         81.    As a proximate result of the aforementioned violations, Plaintiff and Class

4  Members have been damaged in an amount according to proof at time of trial. Pursuant to Labor

5  Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for

6  each day in which Defendants failed to provide a rest period to Plaintiff and the Class, plus

7  interest and penalties thereon, attorneys' fees, and costs.

8         82.    Defendants also failed to provide heat breaks to Plaintiff and Class Members in

9  order to prevent heat exhaustion or heat illness, in violation of OSHA standards and SB 1167 and

10  435.

11         83.    Defendants failed to provide heat breaks to avoid heat illness. This failure is

12  remedied under Labor Code 226.7.

13                **FOURTH CAUSE OF ACTION**

14       **FAILURE TO TIMELY PAY WAGES UPON SEPARATION**

15                **(Against All Defendants)**

16         84.    Plaintiff incorporates and re-alleges each and every allegation contained above as

17  though fully set forth herein.

18         85.    Labor Code §§201-202 requires an employer who discharges an employee to pay

19  compensation due and owing to said employee immediately upon discharge and that if an

20  employee voluntarily leaves his or her employment, his or her wages shall become due and

21  payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-

22  two (72) hours previous notice of his or her intention to quit, in which case the employee is

23  entitled to his or her wages on their last day of work.

24         86.    Labor Code §203 provides that if an employer willfully fails to pay compensation

25  promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting

26  time penalties in the form of continued compensation for up to thirty (30) work days.

27         87.    During the relevant time period, Defendants willfully failed and refused, and

28  continue to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and

1   unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily
2   leaving Defendants' employ. These wages include regular and overtime.

3       88.    As a result, Defendants are liable to Plaintiff and members of the Non-Exempt
4   Production Employee class for waiting time penalties pursuant to Labor Code §203, in an amount
5   according to proof at the time of trial.

6                          **FIFTH CAUSE OF ACTION**
7          **FOR FAILURE TO PAY TIMELY PAY WAGES DURING EMPLOYMENT**
8                            **(Against All Defendants)**

9       89.    Plaintiff incorporates and re-alleges each and every allegation contained above as
10  though fully set forth herein.

11      90.    At all times herein set forth, California Labor Code section 204 provides that all
12  wages earned by any person in any employment between the 1st and 15th days, inclusive, of any
13  calendar month, other than those wages due upon termination of an employee, are due and payable
14  between the 16th and the 26th day of the month during which the labor was performed.

15      91.    At all times herein set forth, California Labor Code section 204 provides that all
16  wages earned by any person in any employment between the 16th and the last day, inclusive, of
17  any calendar month, other than those wages due upon termination of an employee, are due and
18  payable between the 1st and the 10th day of the following month.

19      92.    At all times herein set forth, California Labor Code section 204 provides that all
20  wages earned for labor in excess of the normal work period shall be paid no later than the payday
21  for the next regular payroll period.

22      93.    During the relevant time period, Defendants intentionally and willfully failed to
23  pay Plaintiff and the other class members all wages due to them, within any time period
24  permissible under California Labor Code section 204.

25      94.    Plaintiff and the other class members are entitled to recover all remedies available
26  for violations of California Labor Code section 204.

27      \\
28

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

#### (Against All Defendants)

95.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

96.     Section 226(a) states that An employer, semi-monthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer.

97.     Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the Class including applicable hourly rates among other things. Defendants have knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage statements that have been provided to Plaintiff and the Class.

98.     IWC Wage Orders require Defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the Class. On information and belief, Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code §226.

99.     Defendants fail to identify the amounts and hours for items listed on its paystubs,

- 19 -

1  including but not limited to stipend amount.

2      100.   Defendants have failed to accurately record all time worked.

3      101.   Defendants have also failed to accurately record the meal and rest period premiums

4  owed and all wages owed per pay period.

5      102.   Plaintiff and the Class have been injured as they were unable to determine whether

6  they had been paid correctly for all hours worked per pay period among other things.

7      103.   Defendants also failed to identify the rate of pay in their paystubs.

8      104.   Pursuant to Labor Code section 226, Plaintiff and the Class are entitled up to a

9  maximum of $4,000 each for record keeping violations.

10     105.   Pursuant to Labor Code section 226.3, any employer who violates subdivision (a)

11  of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250)

12  per employee per violation in an initial citation and one thousand dollars ($1,000) per employee

13  for each violation in a subsequent citation, for which the employer fails to provide the employee a

14  wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

15              **SEVENTH CAUSE OF ACTION**

16      **FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES**

17              **(Against All Defendants)**

18     106.   Plaintiff incorporates and re-alleges each and every allegation contained above as

19  though fully set forth herein.

20     107.   Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members

21  for necessary expenditures incurred in direct consequences of the discharge of his or her duties. As

22  a necessary part of employment, Plaintiff and on information and belief Class Members, were not

23  adequately reimbursed by Defendants for expenses related to all expenses incurred as a result of

24  their personal cellphone usage and personal funds usage as described above, which was incurred

25  as a direct consequence of the discharge of duties by Plaintiff and Class Members. Despite these

26  realities of the job, Defendants failed to provide reimbursements.

27     108.   Labor Code §2804 states in pertinent part: "Any contract or agreement, express or

28  implied, made by any employee to waive the benefits of this article or any part thereof is null and

1   void, and this article shall not deprive any employee or his or her personal representative of any

2   right or remedy to which he is entitled under the laws of this State.

3       109.    As a result of the unlawful acts of Defendants, Plaintiff and the Class Members

4   have been deprived of un-reimbursed expense amounts to be determined at trial, and are entitled to

5   the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs,

6   pursuant to Labor Code § 2802.

7                          **EIGHTH CAUSE OF ACTION**

8        **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et. seq.**

9                          **(Against All Defendants)**

10      110.    Plaintiff incorporates and re-alleges each and every allegation contained above as

11  though fully set forth herein.

12      111.    Defendants' conduct, as alleged in this complaint, has been, and continues to be,

13  unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the

14  general public. Plaintiff seeks to enforce important rights affecting the public interest within the

15  meaning of the California Code of Civil Procedure §1021.5.

16      112.    Defendants' policies, activities, and actions as alleged herein, are violations of

17  California law and constitute unlawful business acts and practices in violation of California

18  Business and Professions Code §§17200, et seq.

19      113.    A violation of California Business and Professions Code §§17200, et seq., may be

20  predicated on the violation of any state or federal law. Defendants' policy of failing to accurately

21  pay overtime, failing to pay minimum wages, failing to reimburse expenses, failing to provide a

22  day's rest in seven, failing to provide accurate itemized wage statements and failing to provide

23  Plaintiff and the Class with meal periods and rest breaks or the one (1) hour of premium pay when

24  a meal or rest break period was not provided or provided outside of the required time frames,

25  violates Labor Code § 226, §512, § 226.7, § 1194, § 2802 and applicable IWC Wage Orders and

26  California Code of Regulations.

27      114.    Plaintiff and Class Members have been personally aggrieved by Defendants'

28  unlawful and unfair business acts and practices alleged herein by the loss of money and/or

                                    - 21 -

1 | property.

2 |      115.    Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff

3 | and Class Members are entitled to restitution of the wages withheld and retained by Defendants

4 | during a period that commences four (4) years prior to the filing of this complaint; an award of

5 | attorneys' fees, interest; and an award of costs.

6 | **PRAYER FOR RELIEF**

7 |     WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

8 | Class Certification

9 |     1.    That this action be certified as a class action;

10 |     2.    That Plaintiff be appointed as the representative of the Class;

11 |     3.    That Plaintiff be appointed as the representative of the Subclass; and

12 |     4.    That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

13 | On the First Cause of Action

14 |     1.    For compensatory damages equal to the unpaid balance of minimum wage

15 | compensation and overtime owed to Plaintiff and Class members as well as interest and costs;

16 |     2.    For reasonable attorneys' fees and costs pursuant to Labor Code §§ 510, and 1194;

17 |     3.    For liquidated damages in an amount equal to the wages unlawfully unpaid and

18 | interest thereon pursuant to Labor Code §§ 1194.2, 558;

19 |     4.    For such other and further relief as the Court deems proper.

20 | On the Second Cause of Action

21 |     1.    For one (1) hour of premium pay for each day in which a required meal period was

22 | not provided or not provided in a timely manner; and

23 |     2.    For such other and further relief as the Court deems proper.

24 | On the Third Cause of Action

25 |     1.    For one (1) hour of premium pay for each day in which a required rest period was

26 | not authorized or permitted; and

27 |     2.    For such other and further relief as the Court deems proper.

28 |

On the Fourth Cause of Action

1.     For statutory penalties pursuant to Labor Code §203;

2.     For interest for wages untimely paid; and

3.     For such other and further relief as the Court deems proper.

On the Fifth Cause of Action

1.     For statutory penalties pursuant to Labor Code §204;

2.     For interest for wages untimely paid; and

3.     For such other and further relief as the Court deems proper.

On the Sixth Cause of Action

1.     For statutory penalties pursuant to Labor Code §226;

2.     For interest for wages untimely paid;

3.     For penalties pursuant to Labor Code §266.3; and

       For such other and further relief as the Court deems proper

On the Seventh Cause of Action

1.     For statutory penalties pursuant to Labor Code §2802;

2.     For interest for wages untimely paid; and

3.     For such other and further relief as the Court deems proper.

On the Eighth Cause of Action

1.     That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to accurately pay overtime, failing to pay minimum wages, failing to reimburse expenses, failing to provide accurate itemized wage statements and failing to provide Plaintiff and the Class with meal periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames as described herein to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

2.     For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

- 23 -

1    3.    For reasonable attorneys' fees that Plaintiff and Class Members are entitled to

2    recover;

3    4.    For costs of suit incurred herein; and

4    5.    For such other and further relief as the Court deems proper.

5

6                        **DEMAND FOR JURY TRIAL**

7    Plaintiff and members of the Class and Subclass request a jury trial in this matter.

8

9

10   Dated: March 27, 2023              JAMES HAWKINS APLC

11                                      By: _____

12                                        JAMES R. HAWKINS, ESQ.
                                          GREGORY MAURO, ESQ.
13                                        MICHAEL CALVO, ESQ.
                                          LAUREN FALK, ESQ.
14                                        AVA ISSARY, ESQ.

15                                        Attorneys for Plaintiff JEYSON POLOUSY
                                          individually and on behalf of all others similarly
16                                        situated.

17

18

19

20

21

22

23

24

25

26

27

28

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

**NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING**

Case Number: **STK-CV-UOE-2023-0002954**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 10/02/2023 | Time:  8:45 AM Department:10A |
|---|---|---|
| **JUDGE**<br>THIS CASE HAS BEEN ASSIGNED TO JUDGE GEORGE J. ABDALLAH IN DEPARTMENT 10A FOR ALL PURPOSES, INCLUDING TRIAL | **COURT LOCATION**<br>**Stockton** | **PHONE Numbers:**<br>Stockton: 209-992-5693<br>Lodi:      209-992-5522 |

[ X ] ADR & Scheduling Information is available on the court website @ sjcourts.org/self-help

1. You must:

   a. **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of filing of the complaint. (CRC 3.110)

   b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

   c. **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

   d. **Collection cases** are managed pursuant to CRC 3.740.

2. Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/division/civil.

3. If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4. Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules, and forms.

Date: 03/27/2023                                           _Trudy Haley__,Deputy Clerk
**NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING**